| ARAPAHOE COUNTY DISTRICT COURT, COLORADO | |
|---|---|
| Address: 7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: December 14, 2020 12:52 PM<br>FILING ID: EDC40ED2D0761<br>CASE NUMBER: 2020CV32421 |
| **Plaintiff:** **EFRAIN ALFONZO,**<br><br>v.<br><br>**Defendant:** **SPENCER GIFTS, LLC.** | |
| | ♠ **COURT USE ONLY** ♠ |
| Attorneys for:<br>Name(s): Cristin F. Bordelon, Esq. #52238<br>David E. McDivitt, Esq. #38286<br>Firm: McDivitt Law Firm, PC<br>Address: 19 E Cimarron Street, Colorado Springs, CO 80903<br>Phone Number: 719.471.3700<br>Fax Number: 719.471.9782<br>E-Mail Address: litigation@mcdivittlaw.com | Case Number:<br><br>Div: Ctrm: |
| **CIVIL COMPLAINT** | |

COMES NOW the Plaintiff, Efrain Alfonzo (hereinafter ***Plaintiff***), by and through his attorney, McDivitt Law Firm, P.C. for his Complaint against the Defendant and hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      The Plaintiff is a resident of Florida, with an address of 74447 Roosevelt St., Hollywood, FL 33024.

2.      Upon information and belief, Plaintiff alleges that Spencer Gifts, LLC d/b/a Spencer's (hereinafter referred to as "Spencer's") is a foreign corporation licensed to do business in Colorado with a principal place of business of 26826 Black Horse Pike, Ste. 108, Egg Harbor Township, NJ 08234.

3.      Defendant Spencer's registered agent is CT Corporation System, 7700 E. Arapahoe Rd., Ste. 200, Centennial, CO 80112.

4.      All the incidents giving rise to Plaintiff's claim, known or unknown, occurred within the City of Aurora, County of Arapahoe, State of Colorado.

**Exhibit B**

5.    Upon information and belief, Plaintiff alleges that all actions or omissions of Defendant which gives rise to this claim occurred in the city of Aurora, county of Arapahoe, State of Colorado. As such, pursuant to *Colorado Rules of Civil Procedure* (C.R.C.P.) 98(c)(5), venue is proper in Arapahoe County.

## FACTUAL ALLEGATIONS

6.    On July 22, 2019 at approximately 9:45 a.m., Plaintiff Efrain Alfonzo arrived on the premises of  Spencer's, located at Town Center at Aurora, Room 2015, 14002 E. Alameda Ave., Space 2005, Aurora, CO 80012 (hereinafter "the premises").

7.    Plaintiff entered said premises with the purpose of purchasing a keychain.

8.    Plaintiff entered said premises and proceeded to the counter where the keychains were located.

9.    Plaintiff chose the keychain he was planning to purchase.

10.    In the next instant, a box containing three glass lava lamp fell from the rafters directly above plaintiff.

11.    The box of lava lamps fell on Plaintiff's head, rendering him unconscious.

12.    Defendant knew, or should have known, that employees stored inventory in the rafters above where customers were shopping.

13.    Defendant knew, or should have known, that storing inventory in the rafters above customers was dangerous.

14.    Defendant knew, or should have known, inventory could potentially fall from the rafters onto customers and/or employees.

15.    Despite this knowledge, Defendant continued to store inventory in the rafters above where customers walked and shopped.

16.    Upon information and belief, Defendant therefore had actual knowledge of the danger created by storing inventory in the rafters.

17.    Upon information and belief, Defendant Spencer's, individually and/or by and through its agents and/or employees, owned and/or professionally managed the premises at all times relevant herein.

18.    At all pertinent times, the subject premises was under the care, custody, and control of the Defendant.

**Exhibit B**

19.     At all times alleged herein Defendant owed a duty to invitees to use reasonable care to protect against known dangers on the property.

## FIRST CLAIM FOR RELIEF
### PREMISES LIABILITY

20.     Plaintiff hereby adopts and incorporates by reference the above paragraphs as if fully set forth herein.

21.     At the time of the incident, Defendant Spencer's was a "landowner" of the subject premises within the meaning of the Colorado Premises Liability Act, C.R.S. 13-21-115.

22.     At all pertinent times, Plaintiff was an invitee within the meaning of the Colorado Premises Liability Act, C.R.S. §13-21-115.

23.     As landowner of the subject premises wherein the alleged incident complained of occurred, Defendant owed a duty to Plaintiff to provide him with safe premises without dangerous conditions and to properly warn and protect him from any dangers of which Defendant knew, pursuant to C.R.S. § 13-21-115.

24.     The inventory stocked in the rafters above the customers at the premises was a dangerous condition.

25.      Defendant breached its duty to Plaintiff because it created a dangerous condition by maintaining the premises, by and through its agents and/or employees, in such a fashion as to stock inventory in the rafters above customers, without reasonable efforts to protect against and prevent said danger.

26.     Defendant failed to maintain the subject premises in a safe manner.

27.     Defendant failed to properly warn and use reasonable care to protect against a dangerous condition of which it knew or should have known.

28.     Defendant is legally responsible for the condition of the premises.

29.     As a direct result of Defendant's breach of duties herein, Plaintiff was injured.

30.     As a further result of Defendant's breach of its duties, Plaintiff has suffered in the past and may suffer in the future, economic and non-economic injuries and losses including, but not limited to, medical and other health-care expenses, loss of earnings and earnings capacity, pain and suffering, loss of the enjoyment of life, emotional stress and distress, loss of capacity to perform household work, inconvenience, impairment and disability.

**Exhibit B**

## SECOND CLAIM FOR RELIEF
### NEGLIGENCE

31.     Plaintiff hereby adopts and incorporates by reference the above paragraphs as if fully set forth herein.

32.     Upon information and belief, Defendant was responsible for maintaining the premises in a safe manner.

33.     Defendant therefore owed a duty to Plaintiff to provide a safe premise without dangerous conditions and to properly warn and protect him from any dangers of which Defendant knew or should have known.

34.     The inventory stocked in the rafters above the customers at the premises was a dangerous condition.

35.     Defendant breached its duty to Plaintiff because it created a dangerous condition by maintaining the premises, by and through its agents and/or employees, in such a fashion as to stock inventory in the rafters above customers, without reasonable efforts to protect against and prevent said danger.

36.     Defendant failed to properly warn and use reasonable care to protect against a dangerous condition of which they knew or should have known.

37.     As a direct result of Defendant's breach of duties herein, Plaintiff was injured.

38.     As a further result of Defendant's breach of its duties, Plaintiff has suffered in the past and may suffer in the future, economic and non-economic injuries and losses including, but not limited to, medical and other health-care expenses, loss of earnings and earnings capacity, pain and suffering, loss of the enjoyment of life, emotional stress and distress, loss of capacity to perform household work, inconvenience, impairment and disability.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for all reasonable compensatory damages allowed by law, both economic and non-economic, costs, expert witness fees, all interest allowable by law calculated at a compound rate, prejudgment interest, and such further relief as the Court finds appropriate.

Respectfully submitted, this 14th day of December 2020.

McDivitt Law Firm, PC

_Bordelon_
_____
Cristin F. Bordelon, Esq., #52238
David E. McDivitt, Esq. #38286
Attorneys for the PLAINTIFF

**Exhibit B**